## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH D. DAY,
   Appellant,

  v.

OFFICE OF PERSONNEL
 MANAGEMENT,
   Agency.

DOCKET NUMBER
AT-0845-19-0772-I-1

DATE: February 28, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>John David Folds</u>, Esquire, Washington, D.C., for the appellant.

<u>Cynthia Reinhold</u> and <u>Alison Pastor</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed a petition for review and the agency has filed a cross petition for review of the initial decision, which dismissed the appellant's retirement appeal for lack of jurisdiction. For the reasons discussed below, we GRANT both the appellant's petition for review and the agency's cross petition for review, VACATE the initial decision, and REMAND the case to the Office of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Personnel Management (OPM) for further adjudication in accordance with this Remand Order.

## BACKGROUND

After approximately 20 years of active duty with the Army, punctuated by periods of service with the U.S. Postal Service, the appellant retired as a civilian employee with the Department of the Army, effective December 31, 2018, and began to receive an annuity. Initial Appeal File (IAF), Tab 8 at 53-56, 58-60. On June 24, 2019, OPM notified him that the calculation of his retirement annuity resulted in his owing a redeposit for two periods of civilian service with the Postal Service for which he had requested and received refunds of his retirement contributions. *Id.* at 32-34. Specifically, the appellant could either pay the full amount of the required redeposit, with interest ($64,146.00), or have his monthly annuity reduced from $1,277.00 to $964.00, to account for the fact that his annuity calculation would not include the periods of service for which OPM asserts he received a refund. *Id.* at 32-34. OPM further advised the appellant that, because he had been placed in an erroneous retirement system for more than 3 years (he was placed in the Federal Employees' Retirement System but should have been in the Civil Service Retirement System Offset), he was entitled to relief under the Federal Erroneous Retirement Coverage Correction Act (FERCCA).[2] *Id*. The appellant insisted that he had never received either of the two refunds referenced by OPM. IAF, Tab 1 at 28-29, 46, 48, 52-53. On July 3, 2019, OPM issued a final decision in which it stated that it had no authority to waive the interest on the appellant's redeposit and had reduced his annuity

---

[2] FERCCA was enacted on September 19, 2000, to address "the problems created when employees are in the wrong retirement plan for an extended period." 5 C.F.R. § 839.101(a); *see* Pub. L. No. 106-265, Title II, 114 Stat. 762, 765 (codified at 5 U.S.C. § 8331 note), and it provides such employees the opportunity to correct the placement error and, in many cases, to choose between retirement systems. *See Wallace v. Office of Personnel Management*, 88 M.S.P.R. 375, ¶ 7 (2001).

accordingly. *Id.* at 14. The notice afforded the appellant appeal rights to the Board. *Id*.

On appeal, the appellant again repeated that he never received the larger of the two refund checks which, according to OPM, was mailed to him in 1991 in the amount of $17,408.16,[3] and he described his efforts to prove his non-receipt. IAF, Tab 1 at 1-4. He requested a hearing. *Id.* at 6. During the prehearing conference, the administrative judge stated that the issue to be addressed was whether OPM's final decision of July 3, 2019, requiring the appellant to pay interest on the redeposit, was proper. IAF, Tab 12.

Following the requested hearing, the administrative judge issued an initial decision. IAF, Tab 16, Initial Decision (ID). He found that, while certain actions taken under FERCCA may be appealed to the Board, 5 C.F.R. § 839.1302(a), other actions taken by OPM are considered to be discretionary, 5 C.F.R. § 839.1203(b), and are not subject to administrative or judicial review. 5 C.F.R. § 839.1303; ID at 3-5. The administrative judge then found that OPM's final decision of July 3, 2019, declining to waive interest on the redeposit amount, was a discretionary decision to not compensate the appellant for a monetary loss proximately resulting from a retirement coverage error, and that, as such, the appellant had no right to appeal that decision. ID at 4. Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction. ID at 1, 5.

In his petition for review, the appellant argues that the Board does have jurisdiction over his appeal as it affects his retirement interests, Petition for Review (PFR) File, Tab 1 at 2-4, and he states that he has new evidence in support of his claim that he did not receive the 1991 check, *id.* at 4-7. The appellant requests that the Board remand the appeal to OPM for reconsideration of its decision requiring him to make the redeposit with interest. *Id*. at 9. In its cross petition for review, OPM also requests that the appeal be remanded and

---

[3] The appellant explained that he was "most concerned" with the larger of the two checks, IAF, Tab 1 at 4. During the hearing, he acknowledged receipt of the earlier, considerably smaller check. IAF, Tab 16, Initial Decision at 2 n.1

argues, although for different reasons, that dismissal of the appeal for lack of jurisdiction was improper. PFR File, Tab 4 at 12. OPM argues that both its final decision and the administrative judge's decision addressed a matter that was not raised, that is, whether interest was required on the redeposit, but that neither decision addressed the appellant's claim that he never received the refund of his retirement contributions in 1991. *Id.* at 11-12. OPM requests that the Board remand the appeal so that it may issue a new reconsideration decision on that issue. *Id* at 12. In his reply to OPM's cross petition, the appellant concurs with OPM. PFR File, Tab 6.

When, as here, OPM fails to adjudicate all claims and dispositive issues before it, the Board may remand the case to OPM to conduct a full review of the matter. *Bynum v. Office of Personnel Management*, 618 F.3d 1323, 1332-33 (Fed. Cir. 2010); *Ott v. Office of Personnel Management*, 120 M.S.P.R. 453, 455-56 (2013). We therefore agree with the parties' requests for remand.

## ORDER

For the reasons discussed above, we vacate the initial decision and remand this case to OPM for further adjudication. On remand, in accordance with the applicable burdens of proof set forth in *Rint v. Office of Personnel Management*, 48 M.S.P.R. 69, 71-72, *aff'd*, 950 F.2d 731 (Fed. Cir. 1991) (Table), OPM shall issue a new final decision addressing the appellant's claim of non-receipt of his 1991 retirement contributions, and the effect of the resolution of that claim on the computation of his annuity. OPM shall advise the appellant of his right to file an appeal with the Board's Atlanta Regional Office if he disagrees with the new decision. *See Litzenberger v. Office of Personnel Management*, 88 M.S.P.R. 419, 424 (2001).

We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary

information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. *See* 5 C.F.R. § 1201.182(a).

*Gina K. Grippando*

FOR THE BOARD:            _____
                          Gina K. Grippando
                          Clerk of the Board
Washington, D.C.